## STEPHEN A. DUNBAR
### v.
## A. L. DEBOER.

*Trespass—Cattle—Replevin—Unliquidated Damages—Tender.*

1. A tender may be made under the laws of this State in a case of unliquidated damages; but the tender must be kept good, especially where there is a dispute as to the amount due.

2 An objection and exception to the action of a trial court in giving an instruction which erroneously omits in a given case the hypothesis of bringing money into court to keep a tender good, raises therein the point that the tender was not kept good by bringing it into court.

3. The release of stock taken up *damage feasant*, upon the promise of their owner to repair a fence, releases the lien on them for damage done by them.

[Opinion filed May 20, 1892.]

APPEAL from the Circuit Court of Livingston County; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. STRAWN & NORTON, for appellant.

Mr. J. T. TERRY, for appellee.

LACEY, P. J.    This was an action of replevin commenced by appellee before a justice of the peace to recover the possession of five colts from appellant. The case was tried before the justice and appealed to the Circuit Court, where it was tried by the court and a jury, resulting in a verdict for the appellee and judgment against appellant for costs. From this judgment this appeal was taken. The facts in the case were in substance that the appellant and appellee lived on adjoining farms with a division fence between them. By agreement the appellant was to maintain the north half and appellee the south half of the fence. The colts getting

through appellee's part of the fence were found trespassing on appellant's premises—this was February 13, 1891—and were pasturing on appellant's corn stalks.

That night after supper appellant shut up the colts and immediately notified appellee of it and demanded damages for the trespass of the colts. Saturday morning the appellee went after the colts, when appellant demanded $1.25 damages, and appellee offered the amount but had no less change than a $50 bill, which appellant could not change, so the matter rested, appellant retaining the colts. Appellant watered and fed them on Saturday, Sunday, Monday and a part of Tuesday. On Monday afternoon appellee tendered appellant for damages and their keeping and care up to that time the sum of $1.75. The appellant demanded $2.50, if appellee would keep them home and fix up the fence. This appellee refused and this suit was brought.

One of the points of contention here is, as to whether the evidence supported the verdict as to the sufficiency of the tender.

Various witnesses were introduced on either side for and against the appellee, and the evidence was very conflicting; but if that were the only question in the case we would not feel disposed to disturb the verdict and judgment for that reason, though it was rather weak to show the tender as to amount. We now pass to another point made by appellant on the question of the introduction of the evidence.

On the trial of the case the appellant proposed to prove that about two weeks before the occasion of taking up the colts mentioned above, he had shut up these same colts for damages they had done on his premises, and that he had let the plaintiff have them without charge provided he would fix up the fence, and offered to show that the appellee had not fixed the fence as he agreed, and to prove the damage done by the·colts at or about the time he shut them up before. This offer was rejected by the court and the defendant excepted. Even if the colts had been taken up *damage feasant* and the appellant had a lien on them for damages, which the proposition does not show, the appellant released

Dunbar v. DeBoer.

such lien by giving them up and taking appellee's promise to fix the fence instead.    There can be no fraud in a breach of a promise.    If the appellant has any remedy for such keeping, it is for the breach of that contract.

The appellant makes the point that the appellee failed to keep his tender good by bringing the money into court. We have examined the record and find no evidence that the tender was brought into court.    We think this was required by the law to be done by appellee in order to derive any benefit from the tender.    It is insisted that the suit was not to recover a debt, but in replevin for certain personal property on which appellant only had a lien for its keep and damages done by the colts; and the tender, while it did not discharge the debt, released the lien, and it was not necessary to keep it good to bring it into court; and having made a sufficient tender the appellee had a right to at once bring his suit to recover the possession of the colts.    Kortwright v. Cody, 21 N. Y. 366.

This indeed supports the contention, but the rule there announced does not prevail in this State, as will be seen by reference to Crin v. McGoon, 86 Ill. 431, where the first named case is cited and commented on, and the rule there announced held not to be the law in this State.    The court held that in order to release the lien of a mortgage the mortgagee must, if the tender is not made on the day the debt falls due, bring the money into court so that the mortgagee may receive it.    If he does not the mortgage lien subsists and the mortgage may be foreclosed.

In this State, until our late statute, no tender could be made in a case of unliquidated damages; as the statute now is, tender may be made in such cases; but we apprehend the tender must be kept good in all cases, especially in case of unliquidated damages where there is a dispute as to the amount due.

No other rule would be in accordance with justice to the party claiming the damage, which may be an honest matter of dispute and contention.

The appellee insists that the point that the tender was

not kept good by bringing it into court, was not made in the court below, therefore it can not be made in this court. In this we think he is mistaken. The court below gave an instruction that told the jury in substance that if the tender were made, and it were sufficient, and a demand for the colts were made before suit, then the appellee had a right to recover, thus ignoring the question of keeping the tender good.

This instruction at the time of its being given was objected to and exception taken to the action of the court in giving it. This was sufficient to raise the question in the court below. The instruction, by omitting the hypothesis of bringing the money into court, wrongly directed the jury, and was reversible error.

For the reason of the failure on the part of appellee to keep the tender good, and the error in giving the instruction, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*